**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 7 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRANDON B. HOBBS,

Defendant - Appellant.

No. 03-7080

E.D. Oklahoma

(D.C. No. 99-CR-84-P)

**ORDER AND JUDGMENT** *

Before **BRISCOE** , **ANDERSON** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a)(2); 10th Cir. R. 34.1(G). This cause is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Brandon B. Hobbs appeals the district court's revocation of his term of supervised release, arguing the court erred in finding he possessed a controlled substance based on a single positive urinalysis.

Hobbs was originally sentenced to thirty-six months' imprisonment, followed by three years of supervised release, having pled guilty to a charge of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 2. Hobbs' term of supervised release began on November 13, 2001. On May 29, 2003, Hobbs submitted a urine specimen that tested positive for amphetamine, methamphetamine, and d-methamphetamine. The results were reported on June 7, 2003, and on June 18, 2003, Hobbs' probation officer requested that the court initiate revocation proceedings. Following a hearing, the court found that Hobbs had violated a mandatory condition of his supervised release by being in unlawful possession of a controlled substance. The court revoked Hobbs' term of supervised release and sentenced him to twenty-four months' imprisonment. The court also recommended Hobbs be provided the opportunity to participate in an intensive substance abuse treatment program in prison.

On appeal, Hobbs argues that the district court erred in its application of 18 U.S.C. § 3583(g)(1) because, he contends, a positive drug test cannot form the basis for a finding of unlawful possession of a controlled substance. We

considered and rejected this argument in     United States v. Hammonds   ,

No. 03-7081, ___ F.3d ___ (10th Cir. 2004).  Hobbs also argues that the district

court should have ordered him to enroll in a drug treatment program, in accord

with 18 U.S.C. § 3583(d), rather than revoking his term of supervision.  Having

carefully reviewed the record, we conclude the district court did not abuse its

discretion in imposing revocation rather than enrollment in a drug treatment

program.  The district court's revocation order is therefore AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge
